**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**STACEY LAMAR,**

                **Plaintiff,**            1:09-cv-1154
                                                     (GLS\DRH)

            v.

**INSTITUTE FOR FAMILY HEALTH**
and **DR. JOHN McANDREW,**

                **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Russell A. Schindler          RUSSELL A. SCHINDLER, ESQ.
245 Wall Street
Kingston, NY 12401

**FOR THE DEFENDANTS:**
*Institute for Family Health*
Babchik, Young Law Firm              JACK BABCHIK, ESQ.
200 East Post Road
2nd Floor
White Plains, NY 10601

*Dr. John McAndrew*
Kenny, Stearns Law Firm              GINO A. ZONGHETTI, ESQ.
26 Broadway
New York, NY 10004

**Gary L. Sharpe**

**District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Plaintiff Stacey Lamar commenced this action against her employer, the Institute for Family Health, and her direct supervisor, Dr. John McAndrew, alleging claims of hostile work environment under Title VII of the Civil Rights Act of 1964[1] against both defendants, and a state law claim for battery against Dr. McAndrew. (*See* Am. Compl., Dkt. No. 5.) Pending is Dr. McAndrew's motion to dismiss Lamar's claims against him. (Dkt. No. 6.) For the reasons that follow, the motion is granted in part and denied in part.

**II. Standard of Review**

The standard of review under FED. R. CIV. P. 12(b)(6) is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Dixon v. Albany County Bd. of Elections*, No. 1:08-CV-502, 2008 WL 4238708, at *2 (N.D.N.Y. Sept. 8, 2008).

**III. Discussion**

---

[1] 42 U.S.C. § 2000e, *et seq.*

2

Dr. McAndrew first argues that Lamar's Title VII claim against him must be dismissed because he, as Lamar's direct supervisor, is not subject to Title VII liability. (*See* Def. Mem. of Law at 4-6, Dkt. No. 6 (citing, *inter alia*, *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII.").) Conceding this point, Lamar has agreed to withdraw her Title VII claim against Dr. McAndrew. (Pl. Mem. of Law at 1, Dkt. No. 10:1.) Accordingly, Lamar's Title VII claim against Dr. McAndrew is dismissed.

Dr. McAndrew next argues that if Lamar's Title VII claim is dismissed, her state law battery claim should also be dismissed. Specifically, Dr. McAndrew urges the court to decline to exercise its supplemental jurisdiction over the claim in the absence of any extant federal claims against him. (*See* Def. Mem. of Law at 6-7, Dkt. No. 6.) However, because the allegations underlying the battery claim are essentially the same as those comprising Lamar's remaining Title VII

claim,[2] the court finds that permitting the state law claim to survive at this juncture would best serve the interests of judicial economy, convenience, and fairness. *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 263 (2d Cir. 2006) ("In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity ...." (citation omitted)). Accordingly, the portion of Dr. McAndrew's request seeking dismissal of Lamar's battery claim is denied.

### IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Dr. McAndrew's motion to dismiss (Dkt. No. 6) is **GRANTED** insofar as Lamar's Title VII claim against Dr. McAndrew is **DISMISSED**; and it is further

**ORDERED** that Dr. McAndrew's motion to dismiss is **DENIED** insofar as it seeks dismissal of Lamar's state law claim for battery; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

---

[2] Lamar alleges that she was the victim of a hostile work environment when she was subjected to, among other things, nonconsensual touching by Dr. McAndrew, which is the same touching that forms the basis of Lamar's battery claim. (*See* Am. Compl. ¶¶ 52-54, 60, 67-68, Dkt. No. 5.)

4

Decision and Order to the parties.

**IT IS SO ORDERED.**

June 25, 2010
Albany, New York

_____
United States District Court Judge